FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 OCT 22 PM 3:40

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ABIGAIL SMITH,

Plaintiff,

CASE NO.: 6:12-CV-1591-ORL-36-GJK

-vs-

ALLIED INTERSTATE LLC
and GC SERVICES, LP,

Defendants.
_____/

## COMPLAINT

1.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA")

## JURISDICTION AND VENUE

2.  This is an action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3.  Jurisdiction of this Court arises under 28 U.S.C.§1331.

4.  Venue is proper in this District because the alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

5.  Plaintiff is a natural person over the age of 18, and citizen of the State of Florida, residing in Orange County, Florida.

6.  Defendant, ALLIED INTERSTATE, LLC, is a corporation and a citizen of the State of Minnesota with its principal place of business at 12755 Highway 55, Suite 300, Plymouth, MN 55411.

7. Defendant, GC SERVICES, LP, is a corporation and a citizen of the State of Texas with its principal place of business at 6330 Gulfton, Houston, TX 77081.

8. Defendants called the Plaintiff approximately thirty (30) times in violation of the TCPA.

9. Defendant, ALLIED INTERSTATE, LLC, intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, several times during one day, and on back to back days, including, but not limited to: January 31, 2012 at 9:01 am and 10:41 am, February 2, 2012 at 8:07 am, 9:01 am, 9:06 am, 10:27 am, 11:37 am, and 12:32 pm, February 3, 2012 at 8:09 am, 9:04 am, 10:02 am, and 11:53 am, February 4, 2012 at 8:04 am, 8:54 am, and 9:50 am. and February 7, 2012 at 8:28 am.

10. Defendant, GC SERVICES, LP, intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number several times during one day, and on back to back days, including, but not limited to January 26, 2012 at 3:50 pm, January 29, 2012 at 12:18 pm, 3:03 pm and 6:11 pm, January 30, 2012 at 1:44 pm, January 31, 2012 at 8:31 am, 11:38 am, 2:14 pm and 3:37 pm, February 1, 2012 at 5:17 pm, February 2, 2012 at 9:01 am and 10:10 am, February 3, 2012 at 8:12 am, 10:18 am, 11:42 am and 3:46 pm and February 4, 2012 at 8:09 am.

11. Each call the Defendants made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

12. Each call the Defendants made to the Plaintiff's cellular phone (telephone # 407-718-1171), were done so without the "express permission" of the Plaintiff. Plaintiff was, at all times material, the called party and subscriber to the cellular phone in question.

13. Plaintiff received at least sixteen (16) unauthorized calls from Defendant, ALLIED INTERSTATE, LLC, from January 2012 through February 2012.

14. Plaintiff received at least sixteen (16) unauthorized calls from Defendant, GC SERVICES, LP, from January 2012 through February 2012.

15. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

16. Defendant has a corporate policy to use incessant calls placed from an automatic telephone dialing system, or a pre-recorded or artificial voice, in an attempt to get individuals, such as Plaintiff.

17. Plaintiff did not expressly consent to Defendants' placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendants' placement of the calls.

18. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

19. Defendants willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
### (Violation of the TCPA against ALLIED INTERSTATE, LLC)

20. Plaintiff incorporates Paragraphs one (1) through nineteen (19).

21. Defendant, ALLIED INTERSTATE, LLC, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, ALLIED INTERSTATE, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the TCPA against GC SERVICES, LP)

22. Plaintiff incorporates Paragraphs one (1) through nineteen (19).

23. Defendant, GC SERVICES, LP, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, GC SERVICES, LP, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Michael J. Vitoria, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0135534
MVitoria@forthepeople.com
Attorney for Plaintiff